IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:04-CR-030-M (2) |
| | ) | No. 3:05-CV-770-M (BH) |
| AFFIONG IKPEME EKONG, | ) | ECF |
| ID # 31386-177 | ) | |
| | ) | |
|     Movant/Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Movant Affiong Ikpeme Ekong filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

**B. Procedural History**

As a result of her plea of guilty to Count 1 of the indictment, defendant Ekong was adjudged guilty of health care fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1347, 24(b) and 2; she was sentenced to 24 months' imprisonment and a two-year term of supervised release in a judgment entered on September 13, 2004. She was also ordered to pay restitution in the amount of $896,737. Movant did not appeal her conviction or sentence.

Ekong timely filed her motion under 28 U.S.C. § 2255 on April 14, 2005. She seeks relief under § 2255 on the ground that ineffective assistance of counsel rendered her plea involuntary

because (1) counsel told her she would receive probation if she pleaded guilty, and (2) allowed her to attend an interview with the government without a proffer or immunity agreement. The government filed a response to the motion, and Ekong then filed a reply.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL/ VOLUNTARINESS OF GUILTY PLEA

Ekong claims that the ineffectiveness of her counsel rendered her plea involuntary.[1]

The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."[2] This same test applies to challenges to guilty pleas based upon ineffective assistance of counsel.[3]

In order to show the deficiency component, the burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[4] A district court then determines whether, "in light of all the circumstances, the

---

[1] Ekong's plea agreement included a waiver of the right to contest her conviction and sentence in a collateral proceeding such as this, on any ground, including claims of ineffective assistance of counsel, but reserved the right to challenge the voluntariness of her plea. (May 21, 2004, Plea Agreement at 5, ¶ 11.) Because controlling authority from the Court of Appeals for the Fifth Circuit holds that an ineffective assistance claim challenging the validity of a plea itself survives such a waiver, *see United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002), the waiver does not bar Ekong's ineffective assistance claims.

[2] *Strickland,* 466 U.S. at 687.

[3] *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[4] *Strickland,* 466 U.S. at 690.

2

identified acts or omissions were outside the wide range of professionally competent assistance."[5] There is a strong presumption that the performance of counsel falls within this range.[6] In order to prove prejudice in the plea process, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[7]

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."[8] Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances–even though the defendant may not know the specific detailed consequences of invoking it."[9] With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might

---

[5]*Id., Hill,* 474 U.S. at 57-58, *citing Tollet v. Henderson,* 411 U.S. 258 ((1973) and *McMann v. Richardson,* 397 U.S. 759 (1970).

[6]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[7]*Hill,* 474 U.S. at 59.

[8]*United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[9]*Id.* at 630.

labor."[10] "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."[11]

A guilty plea may be invalid if induced by a defense counsel's unkept promises.[12] Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[13] "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[14] Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[15]

Both Ekong and her counsel signed the plea agreement and the factual resume. (Docket nos. 41 and 42). The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4-5, ¶ 10.) Ekong expressly agreed "[t]here have been no guarantees or promises as to what sentence the Court will impose." (Plea Agreement at 5, ¶ 10.) Within a few days of signing these documents, at the rearraignment hearing, Ekong admitted she committed each of the essential elements of the offense. (May 26, 2004, Rearraignment Transcript

---

[10] *Id.*

[11] *United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

[12] *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989).

[13] *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985) (quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979).

[14] *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[15] *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994), *cert. den'd,* 513 U.S. 1064 (1994).

4

at 9-10.) She testified that she entered the plea agreement voluntarily, of her own free will, and without any other promises or assurances. (May 26, 2004, Tr. at 10-11.) She also testified that she understood that she should not depend or rely upon any statements or assurances by anyone as to what sentence would be imposed because only the Court could make that decision, and that the decision would be made after the preparation of a pre-sentence report by the Probation Office. (May 26, 2004, Tr. at 6-8.) Ekong also testified that she had reviewed the plea agreement with her counsel, had an opportunity to discuss the charges and her plea of guilty with him, and "[was] fully satisfied with the representation and advice [she] received from [counsel] in connection with this case." (May 26, 2004, Tr. at 8.) This Court found that her plea of guilty was knowing and voluntary. (May 26, 2004, Tr. at 16.)

In order for her to seek habeas relief on the basis of alleged promises that are inconsistent with the above recited representations made in open court, defendant Ekong must "prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise."[16] An evidentiary hearing is necessary only if the defendant produces independent indicia of the likely merit of her claims, such as an affidavit from a reliable third party.[17] No hearing is required if the defendant's showing is inconsistent with the bulk of her conduct.[18]

After review of the record, Ekong has not made the sufficient showing to be entitled to a hearing or to establish her claims. Although she has now sworn in an affidavit that she was told by

---

[16] *Harmason,* 888 F.2d at 1529, *citing Davis v. Butler,* 825 F.2d 892, 894 (5th Cir. 1987); *see also Cervantes,* 132 F.3d at 1110.

[17] *Cervantes,* 132 F.3d at 1110.

[18] *Id.*

5

counsel if she pleaded guilty she would receive probation, she has provided no eyewitness or other independent corroborating factual information to support this statement. She fails to show why the Court should not afford "great evidentiary weight" to the documents she agreed to, and afford the "strong presumption of verity" to her prior sworn testimony that there were no promises or guarantees made to convince her to plead guilty, and that she understood that she should not depend or rely upon any representations from anyone as to what her sentence would be. Ekong has not shown that counsel engaged in deficient conduct or that she was prejudiced by counsel's conduct with regard to the allegation that she was told she would receive probation if she pleaded guilty. The Court should find that Ekong has not shown that counsel was ineffective, and reaffirm its finding that Ekong voluntarily and understandingly plead guilty to the charges against her.

With regard to her claim that counsel wrongfully allowed her to meet with government representatives, Ekong has failed to show deficiency or prejudice of counsel. She alleges that at such meeting, she admitted that she made administrative entries to Certificates of Medical Necessity (CMN), although she contends none of those entries changed or fraudulently supported a claim for reimbursement from medicare for a wheelchair. (Ekong April 7, 2005, Affidavit.) She alleges that counsel told her that making such entries was illegal and incriminating, and that she should plead guilty. But Ekong has not alleged, and cannot show, that the statements at the meeting were the basis of her guilty plea. Rather, her plea of guilty was supported by, and she was convicted based upon, the facts she agreed to in the factual resume. She agreed to these facts: (1)knowingly and wilfully caused fraudulent claims to be submitted to Medicare for payment for power wheelchairs; (2) submitting claims for reimbursement that were false; (3) knowingly purchasing patient files and information; (4) knowingly altering certificates of medical necessity after a physician has signed

them; (5) knowingly receiving fraudulently obtained proceeds from Medicare; (6) knowingly using the fraudulently obtained proceeds to purchase and recruit patients and healthcare information; and (7) knowingly using defrauded proceeds for her own personal use. (Factual Resume at 2-3.) Ekong testified at the rearraignment hearing that the facts stated in the resume were true and correct. (May 26, 2004, Tr. at 15-16.)

Ekong's claim that she acknowledged at debriefing with government officials that she made legitimate entries on the CMN's is directly contradicted by these facts she later admitted to in the factual resume and in open court. As noted above, without independent indicia in support, a defendant should not be heard to refute her earlier testimony under oath. Ekong, having provided nothing more than an affidavit directly contradicting her earlier sworn testimony, cannot make a showing to establish such allegations. The Court should reject her claim that counsel's conduct in allowing her to meet with the government was ineffective or rendered her plea involuntary.

### III. EVIDENTIARY HEARING

As noted above, upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 12th day of December, 2007.**

```
                                    _____
                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE
```

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

```
                                    _____
                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE
```